THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN FOREST RESOURCE COUNCIL, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> TRACY STONE-MANNING, Director of the Bureau of Land Management, and DEBRA A. HAALAND, Secretary of the Interior, <br><br> Defendants. | Case No.: 1:16-cv-01599-RJL <br><br><br> DEFENDANTS' STATUS REPORT |

On November 19, 2021, the Court issued a single remedy order (Remedy Order), ECF No. 72, in three non-consolidated cases requiring, among other things, that Defendants submit a status report no later than 120 days from the date of the Remedy Order "detailing what, if any, aspects of the Wildlife Provisions [in the U.S. Bureau of Land Management's 2016 resource management plans (RMPs)] remain permissible in light of the O&C Act and this Court's Memorandum Opinions." Remedy Order at 14. The referenced "Memorandum Opinions" are *American Forest Resource Council v. Hammond (AFRC)*, 422 F. Supp. 3d 184 (D.D.C. 2019), and *Swanson Group Mfg. LLC v. Bernhardt*, 417 F. Supp. 3d 22 (D.D.C. 2019). *See* Remedy Order at 2-3. Defendants submit the following along with the attached declaration of Barry R. Bushue (Bushue Decl.) in response.

*AFRC* addressed the merits of four non-consolidated cases. *See* 422 F. Supp. 3d at 186-87. Two of those cases challenged the 2016 RMPs' allocation of lands to reserves in which

1

sustained-yield timber production is prohibited.[1]  *Id.* at 187.  The Court found that this allocation of lands to reserves that prohibit management for sustained-yield timber production violated the O&C Act.[2]  *Id.* at 189-91.

As explained in the declaration of Mr. Bushue, BLM reviewed the Wildlife Provisions at pages 95 to 102 of the Northwestern and Coastal Oregon RMP and pages 115 to 121 of the Southwestern Oregon RMP.  Bushue Decl. ¶ 5; *see* Remedy Order at 8 (citing JA-1_IND_0512797-804; JA-2_IND_0513137-43).  Based on that review, two of the Wildlife Provisions, depending on future conditions, are potentially inconsistent with this Court's decision in *AFRC* because if surveys detect occupied red tree vole habitat or marbled murrelet occupied stands in lands allocated to the Harvest Land Base, the land use allocation of the area would change to the Late-Successional Reserve and have management objectives and direction consistent with that allocation.[3]  Bushue Decl. ¶¶ 5-7.  None of the other Wildlife Provisions result in a similar re-allocation of lands to the Late-Successional Reserve.  *Id.* ¶ 8.

In *Swanson Group Mfg. LLC*, the Court addressed the merits of the third case included in the Remedy Order, holding that "[e]very year, BLM *is required* to sell or offer for sale an amount of timber that is not less than the declared annual sustained yield capacity of the

---

[1] The other two cases challenged the expansion of the Cascade-Siskiyou National Monument and were not addressed in the Remedy Order.  *See id.* at 192-93.

[2] Defendants have appealed this holding, but provide this status report in compliance with the Remedy Order.

[3] Immediately vacating and remanding the 2016 RMPs would have highly disruptive consequences.  *See* Remedy Order at 7.  In light of these disruptive consequences, the Court vacated the 2016 RMPs but stayed their vacatur pending remand to BLM to revise or amend the RMPs.  *Id.* at 7-8.  The effect of lifting the stay of vacatur of the 2016 RMPs to excise these provisions during the remand period would also be highly disruptive.  As a result, if Plaintiffs raise any objections to this status report requesting additional relief, Defendants request the opportunity to respond to those objections.

timberland subject to the O&C Act." 417 F. Supp. at 27.[4]  As explained in the declaration of Mr. Bushue, "BLM has sold or offered for sale the 2016 RMPs' declared annual sustained yield capacity of timberland subject to the O&C Act each year that the 2016 RMPs have been implemented and expects to continue to be able to do so."  Bushue Decl. ¶ 9.  Mr. Bushue also noted that he does not expect any of the Wildlife Provisions to "prevent BLM from achieving the declared annual sustained yield capacity" in the 2016 RMPs.  *Id.*  As a result, none of the Wildlife Provisions are impermissible in light of *Swanson Group Mfg LLC*.

Respectfully submitted on this 21st day of March, 2022.

        TODD KIM
        U.S. Department of Justice
        Assistant Attorney General
        Environment and Natural Resources Division

        */s/ Shaun M. Pettigrew*
        SHAUN M. PETTIGREW
        Senior Attorney
        Natural Resources Section
        c/o NOAA, Damage Assessment
        7600 Sand Point Way, NE
        Seattle, WA 98115
        Phone: (206) 526-6881
        shaun.pettigrew@usdoj.gov

        *Counsel for Defendants*

---

[4] Defendant has appealed this holding, but provides this status report in compliance with the Remedy Order.

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 21st day of March, 2022, a copy of this foregoing document was filed electronically through the CM/ECF system, which caused all parties or counsel to be served by electronic means as reflected on the Notice of Electronic Filing.

                                          */s/ Shaun M. Pettigrew*
                                          Shaun M. Pettigrew