UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **AMERICAN FOREST RESOURCE COUNCIL**, et al.,<br><br>     Plaintiffs,<br><br>v.<br><br>**TRACY STONE-MANNING**, Deputy Director, Operations of the Bureau of Land Management, and **DEBRA HAALAND**, Secretary of the Interior,<br><br>     Defendants. | Civil Case No. 1:16-cv-01599-RJL<br><br>PLAINTIFFS' RESPONSE TO FEDERAL DEFENDANTS' JULY 20, 2022 STATUS REPORT |

Plaintiffs the American Forest Resource Council et al. (AFRC) offer the following response to the federal defendants' (BLM) July 20, 2022 Status Report (Status Report, ECF No. 80):

## INTRODUCTION

On November 19, 2021, the Court issued a remedy order in this case after having concluded that BLM violated the Oregon and California Railroad and Coos Bay Wagon Road Grant Lands Act (O&C Act), 43 U.S.C. § 2601 et seq., by "unlawfully reduc[ing] the amount of timber available for harvest from O&C land." Remedy Order (ECF No. 72) at 2.[1] BLM violated

---

[1] The Court's Remedy Order applied to three cases before the Court involving the O&C Act, including *Swanson Group Manufacturing, LLC v. Haaland*, Civil Case No. 1:15-cv-01419-RJL. This response to federal defendants' status report is being filed in substantially similar form in that related case as well.

Page 1 – PLAINTIFFS' RESPONSE TO FEDERAL DEFENDANTS' STATUS REPORT

the O&C Act by failing to comply with the statute's mandatory directives that O&C Act timberlands "'*shall* be managed . . . for permanent forest production, and the timber thereon *shall* be sold, cut and removed in conformity with the princip[le] of sustained yield.'"  Merits Opinion (ECF No. 55) at 9 (quoting the O&C Act, alterations in original).

## RESPONSE

First, AFRC is concerned about the slow pace of BLM's effort to respond to the Court's decision and hopes to soon see a public scoping notice that will offer the parties and the public alike some insights into BLM's proposed land use planning action.  *See* ECF No. 80-1, Declaration of Barry R. Bushue, Status Report, ¶ 5 (stating that "BLM has conducted internal scoping . . . to further develop the proposal for action" to amend the Resource Management Plans (RMPs)).

Second, AFRC is concerned about BLM's apparent decision to amend rather than revise the RMPs given the direction in BLM's Land Use Planning Handbook that states RMPs are to be revised when "a major portion of the plan no longer serve[s] as a useful guide for resource management."  See www.blm.gov/policy/handbooks, General Management, H-1601-1, Land Use Planning Handbook at 46 (discussing when it is necessary to revise an RMP).  Given the Court's acknowledgment that BLM's 2016 RMPs illegally placed large amounts of O&C Act timberlands in reserves that are off limits to timber harvest, it seems to AFRC that a major portion of the RMPs no longer serve as a useful guide for resource management, which would counsel in favor of

Page 2 – PLAINTIFFS' RESPONSE TO FEDERAL DEFENDANTS' STATUS REPORT

revision rather than amendment.  AFRC offers this observation to assist the agency while being fully cognizant of the Court's statement that its remedy order left it to BLM to determine whether revision versus amendment of the RMPs was the proper outcome.  Remedy Order (ECF No. 72) at 5 n.5.

      Respectfully submitted this 2nd day of September, 2022.

/s/ Julie A. Weis
Julie A. Weis, D.C. Bar No. OR0021
Haglund Kelley LLP
2177 SW Broadway
Portland, OR 97201
Phone: (503) 225-0777
Fax: (503) 225-1257
Email: weis@hk-law.com

/s/ Caroline M. Lobdell
Caroline M. Lobdell, D.C. Bar No. 1028428
Western Resources Legal Center
9220 SW Barbur Boulevard
Suite 119-327
Portland, OR  97219
Phone: (503) 768-8500
Fax: (503) 222-3255
Email: clobdell@wrlegal.org

Attorneys for Plaintiffs

Page 3 – PLAINTIFFS' RESPONSE TO FEDERAL DEFENDANTS' STATUS REPORT