## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN FOREST RESOURCE COUNCIL, *et al.*,<br><br>   Plaintiffs,<br><br>   v.<br><br>TRACY STONE-MANNING, Director of the Bureau of Land Management, and DEBRA A. HAALAND, Secretary of the Interior,<br><br>   Defendants. | Case No.: 1:16-cv-01599-RJL<br><br><br>JOINT STATUS REPORT |

In an order dated November 22, 2019, this Court held that two Resource Management Plans issued by the Bureau of Land Management in 2016 (2016 RMPs) violated the Oregon and California Railroad and Coos Bay Wagon Road Grant Lands Act of 1937 (O&C Act), 43 U.S.C. § 2601 et seq., by "prohibiting the selling, cutting, and removing of timber in conformity with the principle of sustained yield on portions of O&C timberland." *Am. Forest Res. Council v. Hammond*, 422 F. Supp. 3d 184, 189 (D.D.C. 2019). The Court later issued a remedy order that, among other things, vacated the 2016 RMPs, stayed that vacatur until BLM developed and implemented revised RMPs, remanded the 2016 RMPs to BLM to prepare revised RMPs, and required regular status reports detailing BLM's progress in revising the 2016 RMPs. *Am. Forest Res. Council v. Need*, Civil Case Nos. 16- 01599, 16- 01602, 15-01419, 2021 WL 6692032, at *6 (D.D.C. Nov. 19, 2021).

On July 18, 2023, the D.C. Circuit Court of Appeals reversed, holding that "the 2016 RMPs are well within the [Secretary of the Interior's] discretion under the O&C Act and are

consistent with the Secretary's other statutory obligations." *Am. Forest Res. Council v. United States*, 77 F.4th 787, 803-04 (D.C. Cir. 2023). The Court of Appeals then remanded the case "for proceedings consistent with [its] opinion." *Id.* at 805. The formal mandate issued on September 12, 2023, ECF No. 86, and this Court then ordered the parties to "submit a joint status report containing their joint or respective positions on what 'further proceedings,' if any, are appropriate in this action," Minute Order dated September 18, 2023. The parties set forth their respective positions below.

<u>Plaintiffs</u>:

Plaintiffs will be filing a petition for a writ of certiorari to the U.S. Court of Appeals for the D.C. Circuit no later than November 15, 2023. Plaintiffs therefore ask that the Court stay further proceedings in this matter temporarily pending the conclusion of practice before the Supreme Court. During the temporary stay, plaintiffs propose that federal defendants be released from the terms of the Court's remedy order. ECF No. 72.

When the Court of Appeals issued the mandate, jurisdiction passed from the Court of Appeals back to this Court. The Court retains authority to control its own docket, and given the overlapping claims and the potential for certiorari to impact further proceedings in this or one of the related cases, the most efficient path is to await the conclusion of practice before the Supreme Court on the basis of judicial economy. Although the Court must execute the mandate, the timing of such execution is within the Court's discretion. *See, e.g.*, *Sprague v. Ticonic Nat'l Bank*, 307 U.S. 161, 168 (1939) ("While a mandate is controlling as to matters within its compass, on the remand a lower court is free as to other issues."). Timing considerations are always within the Court's inherent authority – a district court's discretionary "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the

causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936).

    <u>Defendants</u>:

    The Court of Appeals reversed the Court's holding on the merits, which served to also vacate the order on remedy.  The only proper further proceeding in this action is for the Court to enter judgment in favor of Defendants.  Any motion to stay further proceedings while Plaintiffs pursue a writ of certiorari in the Supreme Court would be improper for at least two reasons.

    First, Plaintiffs would effectively be seeking to stay "the execution and enforcement" of the court of appeals' decision pending a petition for a writ of certiorari.  Any such motion should have been filed with the court of appeals under 28 U.S.C. § 2101(f).  A district court lacks jurisdiction to grant such relief. *See, e.g.*, *United States v. Lentz*, 352 F. Supp. 2d 718, 725 (E.D. Va. 2005) ("[A] district court has no jurisdiction to stay a circuit court's mandate remanding the case for a new trial to await the outcome of a *certiorari* petition seeking review of the circuit court's decision, as this authority belongs exclusively to the circuit court or to a justice of the Supreme Court."); *William A. Graham Co. v. Haughey*, 794 F. Supp. 2d 566, 569 (E.D. Pa. 2011) ("It is simply not the proper role of a district court to decide whether a judgment of a higher court should be stayed pending possible review by the Supreme Court.").

    Second, staying any further proceedings would contravene the court of appeals' mandate requiring the district court to take "further proceedings, in accordance with the opinion of the court."  The mandate rule prevents a district court on remand from doing "anything which is contrary to either the letter or spirit of the mandate construed in light of the opinion of the court deciding the case."  *City of Cleveland v. Fed. Power Comm'n*, 561 F.2d 344, 346 (D.C. Cir. 1977).  Staying proceedings would be contrary to the letter and spirit of the court of appeals'

remand for further proceedings.  *See In re AF Moore & Assocs., Inc.*, 974 F.3d 836, 841 (7th Cir. 2020) (holding stay of proceedings in district court pending cert petition was "not an ordinary stay of district court proceedings" and violated the mandate rule because "the clear spirit of our mandate entailed more than flipping a flag on the docket sheet from 'closed' to 'reopen.' We presupposed that further proceeding would be had at an ordinary pace.").

Respectfully submitted on this 18th day of October, 2023.

TODD KIM
U.S. Department of Justice
Assistant Attorney General
Environment and Natural Resources Division


/s/ Shaun M. Pettigrew
SHAUN M. PETTIGREW
Senior Trial Attorney
Natural Resources Section
c/o NOAA, Damage Assessment
7600 Sand Point Way, NE
Seattle, WA 98115
Phone: (206) 526-6881
shaun.pettigrew@usdoj.gov

*Counsel for Defendants*

/s/ Julie A. Weis
Julie A. Weis, D.C. Bar No. OR0021
Haglund Kelley LLP
2177 SW Broadway
Portland, OR 97201
Phone: (503) 225-0777
Fax: (503) 225-1257
Email: weis@hk-law.com

*Counsel for Plaintiffs*